# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DERRECK RYAN GRAY, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV-19-45-G ) |
| SCOTT CROW, | ) ) |
| Respondent. | ) |

## ORDER

This matter comes before the Court for review of the Report and Recommendation (Doc. No. 19) issued by United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Petitioner, a state prisoner appearing pro se, brought this action seeking habeas corpus relief under 28 U.S.C. § 2254. Judge Mitchell recommends that the Petition for a Writ of Habeas Corpus (Doc. No. 1) be denied.

On November 8, 2019, Petitioner filed a timely objection to the Report and Recommendation. *See* Pl.'s Obj. to R. & R. (Doc. No. 20). Petitioner's objection triggers de novo review by this Court. *See, e.g., United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Judge Mitchell concluded that Petitioner had a full and fair opportunity to litigate his Fourth Amendment claim in state court and, therefore, that claim is barred from federal habeas review. *See* R. & R. at 5-6 (citing *Stone v. Powell*, 428 U.S. 465 (1976)). In his objection, Petitioner does not dispute that he had a full and fair opportunity to litigate his claim; he instead rehashes his position that he was arrested without probable cause and that

the evidence introduced at his jury trial should have been suppressed. *See* Pl.'s Obj. to R. & R. at 1-2. These arguments were considered and rejected by Judge Mitchell and, upon independent review, the Court agrees with Judge Mitchell's conclusion that Petitioner has raised no meritorious ground for habeas relief. *See Tuttle v. State of Utah*, 57 F.3d 879, 883 (10th Cir. 1995), *as modified* (June 23, 1995) ("Federal courts are not forums in which to relitigate state trials").

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Upon consideration, the Court concludes that the requisite standard is not met in this case. Therefore, a COA is denied.

It is therefore ORDERED that the Report and Recommendation (Doc. No. 19) is ADOPTED, and the Petition for Writ of Habeas Corpus (Doc. No. 1) is DENIED. It is further ORDERED that a COA is DENIED. A separate judgment shall be entered.

IT IS SO ORDERED this 3rd day of January, 2020.

*[Signature: Charles B. Goodwin]*
CHARLES B. GOODWIN
United States District Judge